1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER D. BELL,                    **13-cv-347 GSA**

12              Plaintiff,

13        v.                                  **ORDER DISMISSING CASE FOR**
                                              **FAILURE TO COMPLY WITH A COURT**
14                                            **ORDER**
     COMMISSIONER OF SOCIAL
15   SECURITY,                                **(Doc. 21)**

16              Defendant.

17

18                                    **INTRODUCTION**

19          On March 11, 2013, Plaintiff filed a complaint requesting a review of the Commissioner's

20   denial of disability benefits. (Doc. 1).  On April 15, 2013, the Court screened Plaintiff's case,

21   dismissed the complaint and gave him leave to file an amended complaint. (Doc. 4). Plaintiff filed

22   an amended complaint on May 16, 2013. (Doc. 7).

23          On May 22, 2013, the Court issued an Informational Order outlining the scheduling

24   deadlines in this case. (Doc. 11). The Informational Order states that within 120 days after

25   service, Defendant shall file and serve a copy of the administrative record which shall be deemed

26   an answer to the complaint.  The Order also provides that within 30 days after service of the

27   administrative record, Plaintiff shall serve a letter brief on Defendant outlining why remand is

28

                                              1

warranted which Defendant shall respond to within 35 days. Thereafter, if Defendant does not stipulate to remand, Plaintiff must file and serve an opening brief within 30 days.

On or about November 4, 2013, Defendant lodged the administrative record. (Doc. 17). Pursuant to the Informational Order, Plaintiff was required to file the opening brief no later than February 9, 2013. On February 5, 2014, Plaintiff filed a motion for an extension of time and a notice of change of address. (Doc. 18).  On February 6, 2014, the Court granted Plaintiff's motion for an extension of time and ordered that Plaintiff's opening brief be filed no later than March 7, 2014. (Doc. 19).  The Court also changed Plaintiff's address on the docket and mailed a copy of the order to Plaintiff's new address. On February 12, 2014, the order mailed to Plaintiff was returned as undeliverable.

On March 5, 2014, Defendant filed a certificate of service indicating that it had filed a response to Plaintiff's confidential letter brief. (Doc. 20).  Based on is filing, it appeared to the Court that Plaintiff had been in contact with Defendant.  Given that the Plaintiff is pro se, this Court gave Plaintiff additional time to file an opening brief.  However, Plaintiff failed to file the brief as ordered, and he had no subsequent contact with the Court.

On April 24, 2014, this Court issued an Order to Show Cause Why the Case Should Not Be Dismissed due to Plaintiff's failure to keep the Court apprised of his address, and for his failure to comply with a Court order.  (Doc. 21).   Plaintiff was advised that he needed to respond to the Order to Show Cause within twenty (20) days. Over twenty (20) days have passed, and Plaintiff  has not responded to the Order to Show Cause.

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including,

where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since March 11, 2013, and it does not appear that Plaintiff is going to file an opening brief. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the

court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order to Show Cause clearly stated that the case would be dismissed if Plaintiff failed to respond to the Order to Show Cause. (Doc. 21, pg. 3).

### ORDER

Accordingly, this Court orders that this action be DISMISSED for Plaintiff's failure to comply with a court order.  The Clerk of the Court is directed to close this action.  This order terminates this case in its entirety.


IT IS SO ORDERED.

Dated:   **June 3, 2014**                     **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

4